PS

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

RAFIQ J. SALIM,

       Plaintiff,

    -v-

COUNTY OF ERIE, et al.,

       Defendants.

_____

15-CV-0418A(F)

ORDER

       This matter has been referred to the undersigned by the Hon. Richard J. Arcara pursuant to 28 U.S.C. § 636(b)(1)(A)-(C) for all pre-trial matters and to hear and report upon dispositive matters for consideration by the District Judge.  (Docket No. 3.)

## PROCEDURAL BACKGROUND

       Plaintiff Rafiq J. Salim, acting *pro se*, filed a complaint on May 8, 2015 alleging, *inter alia*, false arrest, malicious prosecution and unconstitutional conditions of confinement arising from an arrest on June 9, 2009, his subsequent prosecution and conviction, and the reversal of said conviction and remand for a new trial.  (Docket No. 1, Complaint.)  Plaintiff had paid the filing fee but there is no indication on the Docket Report that summons were issued to plaintiff for service upon the defendants.  On September 28, 2015, defendants Cheektowaga Police Department and Police Officer Robert Joyce, moved to dismiss the complaint on the bases that Robert Joyce was not and had never been employed by the Cheektowaga Police Department, the claims of false arrest and malicious prosecution were barred by the statute of limitations and the

remaining claims failed to state a claim upon which relief can be granted against the Cheektowaga Police Department.  (Docket No. 2, Motion to Dismiss.)

On October 6, 2015, plaintiff was ordered to show cause why the complaint should not be dismissed, pursuant to Fed.R.Civ.P. 4(m), for plaintiff's failure to effect service within 120 days of filing of the complaint.  (Docket No. 5.)[1]  On November 12, 2015, plaintiff showed cause by filing a "Certificate of Service" which stated that on November 10, 2015, he had mailed to each of the defendants two copies of a Waiver of Service of Summons, pursuant Fed.R.Civ.P. 4(d), along with a self-addressed stamped envelope.  To date, however, no Waivers of Service have been filed.

## DISCUSSION

**RULE 4(m)**

Rule 4(m) of the Federal Rules of Civil Procedure provides that a plaintiff must serve the defendants with the summons and complaint within 120 days[2] after filing the complaint and that the failure to effect service within 120 days of commencing the action warrants dismissal of the action unless plaintiff shows "good cause" for the failure to effect service.  If plaintiff shows good cause, the Court must extend the time to serve the summons and complaint.  Fed.R.Civ.P. 4(m); *see also Blessinger v. United States,*

---

[1] The order to show cause inadvertently stated that if plaintiff failed to show cause the entire "action" would be dismissed without prejudice.  The order should have noted that, if plaintiff failed to show cause, only the claims against the non-moving defendants would be dismissed, not the entire action.  The order did note, however, that the motion to dismiss would be addressed separately in due course.

[2] Effective December 1, 2015, a plaintiff now has 90 days to serve the summons and complaint upon defendants.

174 F.R.D. 29, 31 (E.D.N.Y.1997) (holding that where "the plaintiff has shown good cause, the extension is mandatory.").

In determining whether there is good cause under Rule 4(m), courts weigh the plaintiff's reasonable efforts and diligence against the prejudice to the defendant resulting from the delay." *DeLuca v. AccessIT Group,* 695 F.Supp.2d 54, 66 (S.D.N.Y.2010); *see also Shider v. Communication Workers of America*, 1999 WL 673345, at *2 (S.D.N.Y., Aug. 30, 2009) ("In determining whether a plaintiff has shown good cause under Rule 4(m), courts in this Circuit generally consider whether (1) the plaintiff made reasonable efforts to serve the defendant, and (2) the defendant was prejudiced by the delay in service.") (citations omitted)). "A party seeking a good cause extension bears a heavy burden of proof." *Alvarado v. Am. Freightways, Inc.,* 04 CIV. 9536, 2005 WL 1467893, at *5 (S.D.N.Y. June 21, 2005). "Good cause is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control." *E. Refractories Co. v. Forty Eight Insulations, Inc.,* 187 F.R.D. 503, 505 (S.D.N.Y.1999) (citation and internal quotation marks omitted); *see also Madison v. BP Oil Co.,* 928 F.Supp. 1132, 1137 (S.D.Ala. 1996) ("[C]ourts have found that factors outside a plaintiff's control, such as sudden illness, natural catastrophe or evasion of service of process" satisfy the good cause requirement.)

Additionally, "[t]he diligence of the plaintiff's efforts to effect proper service is an important consideration in a determination of good cause." *Alvarado,* 2005 WL

1467893, at *5.  "A delay in service resulting from mere inadvertence, neglect, or mistake does not constitute good cause."  *Id.*  "A plaintiff's *pro se* status is not grounds for an automatic extension of time to serve the complaint."  *Purzak v. Long Island Housing Services*, 2013 WL 5202711, at * 4 (E.D.N.Y., Sept. 13, 2013) (citing *G4 Concept Mktg., Inc. v. MasterCard Int'l,* 670 F.Supp.2d 197, 199 (W.D.N.Y.2009) ("[I]gnorance of the law, even in the context of *pro se* litigants, does not constitute good cause under Rule 4(m) . . . . " (alterations, citations, and internal quotation marks omitted)); *Madden v. Town of New Haven,* 2008 WL 2483295, at *2 (D. Vt. June 17, 2008) (stating that "*pro se* status alone does not constitute good cause").

Plaintiff's response to the order to show cause does not identify any exceptional circumstances that interfered with or prevented him from serving the summons and complaint within 120 days of filing of the complaint.  While plaintiff did request defendants to waive service pursuant to Rule 4(d), there is no indication that after defendants did not return Waivers of Service plaintiff attempted service in any other manner set forth in Rule 4.  *See* Fed.R.Civ.P. 4(d)(2).  Accordingly, plaintiff has not established good cause to extend the time to effect service of the summons and complaint.

"While an extension must be granted upon a showing of good cause, the Second Circuit has also made clear that '"district courts have discretion to grant extensions even in the absence of good cause.'"  *Sims  v. Wegmans  Food Markets*, 674 F.Supp.2d 429, 434 (W.D.N.Y. 2009) (Larimer, D.J.) (quoting *Zapata v. City of New

*York*, 502 F.3d 192, 196-197 (2d Cir.2007)). In determining whether to exercise their discretion to extend a plaintiff's time to effect service absent good cause, district courts typically weigh the following factors: "(1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by the granting of plaintiff's request for relief from the provision." *Carroll v. Certified Moving & Storage, Co.,* 2005 WL 1711184, at *2 (E.D.N.Y. July 19, 2005) (citation and internal quotation marks omitted). "Courts have consistently considered the fact that the statute of limitations has run on a plaintiff's claim as a factor favoring the plaintiff in a Rule 4(m) analysis." *Id.* (citation and internal quotation marks omitted).

Upon review of these factors, the Court finds that plaintiff should be granted an extension of time to serve the summons and complaint. First, dismissal of this action pursuant to Rule 4(m) would bar plaintiff's timely re-filing of this action because the statute of limitations on plaintiff's various claims has now expired. Plaintiff raises claims of false arrest, unlawful imprisonment, unconstitutional conditions of confinement and malicious prosecution. Plaintiff asserts that his claims accrued on June 8, 2012, when his conviction was reversed by the New York State Supreme Court, Appellate Division, Fourth Department. (Complaint, ¶ 19.) Assuming that this is the latest date plaintiff's various claims accrued and without deciding if any of the claims accrued prior to that date, if the Court were to dismiss the complaint pursuant to Rule 4(m) against those defendants who have not moved to dismiss the complaint, plaintiff

5

would be barred from re-filing the claims against those defendants based on the applicable statutes of limitations. The applicable statutes of limitations for claims 42 U.S.C. § 1983 is three years. *See Okure v. Owens*, 488 U.S. 235, 251 (1989); *Jewell v. County of Nassau*, 917 F.2d 738, 740 (2d Cir. 1990).

Second, plaintiff has stated that he mailed two copies of a Request for Waiver of Service to each of the defendants herein and thus it appears that the defendants have actual notice of this action. Third, while there is no evidence that the defendants attempted to conceal the absence of service, this factor alone is not sufficient to deny an extension. *See Jordan v. Forfeiture Support Assocs.,* 2013 WL 828496, at *10 (E.D.N.Y. Mar. 5, 2013) (granting extension even when defendant did not attempt to conceal the defect in service because "this factor alone does not offset the numerous reasons that support granting plaintiff additional time to correct service of process"); *Feingold v. Hankin,* 269 F.Supp.2d 268, 277 (S.D.N.Y.2003) (granting extension even when statute of limitations did not bar refiling of action and defendant had not tried to conceal ineffective service).

The fourth factor also weighs in favor of granting an extension. Being forced to defend the action, if and when service is effected, "does not rise to the level of prejudice necessary to tip the balance of this factor in defendant[s'] favor." *Jordan,* 2013 WL 828496, at * 10 (alterations, citation, and internal quotation marks omitted); *see also Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Barney Assocs.,* 130 F.R.D 291, 294 (S.D.N.Y.1990) (stating that prejudice "involves impairment of the defendant's

ability to defend on the merits, rather than merely foregoing such a procedural or technical advantage").

Based upon an analysis of the four factors identified above, the Court will exercise its discretion and grant plaintiff an additional 90 days to serve the summons and complaint upon the defendants, other than the Cheektowaga Police Department and Robert Joyce.

## **ORDER**

IT IS HEREBY ORDERED that plaintiff is granted a **90 day** extension of time to serve the Summons and Complaint upon the defendants;

FURTHER, that the Clerk of the Court shall forward to plaintiff a sufficient number of blank summonses for each defendant other than the Cheektowaga Police Department and Robert Joyce, which plaintiff must complete and return to the Clerk's Office forthwith so that the Clerk can issue and return them to plaintiff for service of the summonses and complaints upon those defendants; and

FURTHER, that the Clerk of the Court shall forward to plaintiff the Court's Notice Regarding Service of Summons and Complaint.

**SO ORDERED.**

**DATED:** **Buffalo, New York**
**March 10, 2016**

*s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**